UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENNIS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1913 (RJL) |
| | ) | |
| WALRUS CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

SEP 0 8 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION AND ORDER

September 6th, 2015 [Dkt. # 8]

Plaintiff, proceeding *pro se*, filed a complaint in the Superior Court of the District of Columbia, claiming violations of Title VII of the Civil Rights Act of 1964, as amended. Defendant Walrus Corp., d/b/a The Old Ebbitt Grill, removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. *See* Not. of Removal [Dkt. # 1]. Defendant now moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. to Dismiss the Compl. [Dkt. # 8]. For the reasons explained below, the Court agrees that the complaint fails to plead a Title VII claim and, thus, GRANTS defendant's Motion to Dismiss.[1]

---

[1] Contrary to defendant's proposed order, this dismissal is without prejudice. *See Bello v. Howard Univ.*, 898 F. Supp. 2d 213, 221 (D.D.C. 2012) ("As with any cause of action, if the necessary elements of a . . . claim are not adequately pled, the claim is subject to dismissal without prejudice under Rule 12(b)(6).").

## BACKGROUND

The allegations in the complaint read as follows, in their entirety:

> While employed at the Old Ebbitt Grill Restaurant[,] I observe[d] Hispanic male sexual touching and grabbing one another. Also, the Hispanic employee sexually Harassing Black African-American employees. I was on the job one evening at my cooking station and was grab[bed] on my behind by Hispanic male and when I try to put coffee cup at my station[,] 3 to 4 Hispanic [were] talking with each other and was push this [t]ype of problem has in other [r]estaurant [i]n violation of [T]itle VII of the Civil Rights Act of 1964 as amended.

Compl. [Dkt. # 1-1, ECF p. 7].

## DISCUSSION

A Rule 12(b)(6) motion to dismiss challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. A complaint must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

Title VII prohibits private employers from discriminating with respect to the terms and conditions of employment on the basis of race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a). A defendant has sufficient notice of an employment discrimination claim when the factual allegations establish that the defendant employer made an adverse decision based on one or more of the foregoing classifications. *See Peart v. Latham & Watkins LLP*, 985 F. Supp. 2d 72, 84 (D.D.C. 2013). An adverse employment action is characterized by "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (internal quotation marks omitted).

Plaintiff does not allege facts establishing (1) that he suffered an adverse employment decision, or (2) that any such decision was based on at least one of Title VII's protected classifications.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss the Complaint is **GRANTED**, and this case is **DISMISSED** without prejudice.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

3